Pennington, J.
— The justice, after recording the verdict, instead of pronouncing and entering a regular judgment, says, I give- judgment accordingly. This certainly is no regular judgment. In the 18th section of the act concerning forcible entries and detainers, the justice, on the finding of the jury against the defendant, is required to record the verdict, and to give, judgment, thereon, with treble costs; and also to issue a writ of restitution, &c. And in the 16th section of the same act, it is made the duty of the justice to (inter on his minutes or docket, among other things, the verdict, and his judgment, thereon. This precision shows that a regular judgment was contemplated by the Legislature; therefore, it, is considered, &c.
It is said by the counsel for the defendant in this court, that by the precedents in the books, executions are issued in cases of forcible entry and detainer, without judgments being entered, but merely on the [248] finding of the jury. I very much question his correctness in this respect; the counsel for the plaintiff have produced a precedent to the contrary, in 3 Lord Ray 15, where a judgment in forcible *322 entry and detainer is regularly entered in technical form. But even if this was the case, it would afford no rule for us; we must pursue our own statute, which in terms requires a judgment to be rendered. . The English statutes respecting forcible [*] entries and detainers, are silent as to judgment. On the finding of the jury, the justices are required to cause, re-seize or repossess the land, &c., so entered upon or detained, and put the party in possession. 8 Hen. 6, c. 9; 21 Jac. 1, c. 15.
But even in England, I apprehend that a judgment is an indispensable requisite, especially in cases where inquisition hath been traversed. 1 Bur. J. 265. It is the conclusion that follows from the law and the fact, and the ground work and foundation of execution. As to notice to deliver possession, I think it necessary only in cases of unlawful detainer, where the tenants hold over. And as to trebling costs, I think that it is evident from the case of Thoroughgood v. Scroggs, Cro. Eliz. 582, that the actual costs must be multiplied by three; that is, if' the legal costs be ten dollars, judgment must be rendered for thirty. But for the uncertainty and incorrectness in the rendering judgment, I think these proceedings must be quashed.
In these actions of forcible entry and detainer, where the defendant is to be turned out of possession, the act ought to be strictly pursued.
Proceedings quashed.
Cited in Shields v. Lozear, 5 Vr. 531.